IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EVA FARLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 5:13-CV-52 (CAR) |
| VARIETY WHOLESALERS, INC., | : | |
| d/b/a MAXWAY STORES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff Eva Farley's Motion to Remand [Doc. 8] the instant action to the Superior Court of Putnam County, Georgia. Plaintiff contends that the Court lacks subject matter jurisdiction over this action because the amount in controversy does not exceed $75,000. Having considered the matter, the Court finds that Defendant has proven by a preponderance of the evidence that the amount in controversy in the case exceeds $75,000. Consequently, Plaintiff's Motion to Remand [Doc. 8] is **DENIED**.

### BACKGROUND

This premises liability action concerns an injury that Plaintiff, an eighty-four year old female, sustained while exiting Defendant Maxway Store in Eatonton, Georgia, on March 21, 2011. Plaintiff alleges that Defendant's employee negligently

1

caused several boxes to fall on Plaintiff and knock her to the ground. As a result, Plaintiff was diagnosed with a possible chronic rotator cuff tear in her left shoulder and a bulging disc and severe spinal canal stenosis in her lumbar spine.

In the instant suit, Plaintiff seeks various forms of monetary relief: compensatory damages for past and future pain and suffering; compensatory damages for past and future medical expenses; and reasonable litigation expenses, including attorney's fees. In her complaint, Plaintiff does not specify any particular dollar amount of damages sought, aside from the $13,095.08 she incurred for medical expenses.

Prior to filing suit, Plaintiff sent an "offer to compromise and settle" to Defendant for $150,000.[1] Therein, Plaintiff thoroughly details the medical treatment received to date including numerous pain relieving injections and nearly two dozen physical therapy treatments—none of which alleviated her severe shoulder and back pain. Additionally, Plaintiff notes on multiple occasions an orthopedist's recommendation to receive a complete shoulder replacement and a second physician's recommendation to be seen by a spinal surgeon for a surgical evaluation of her lower back. Although the facts in the letter support her stated preference for conservative treatment, the letter does not foreclose surgery as an option. Plaintiff, characterizing

---

[1] [Doc. 1-2].

her pain as "severe," noted that she still suffers from sleeplessness and from the inability to eat properly.

On February 12, 2013, Defendant removed Plaintiff's action from the Superior Court of Putnam County, Georgia, pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and argues that the amount in controversy can be ascertained on account of Plaintiff's Complaint, the medical records disclosed by Plaintiff, and the $150,000 settlement demand submitted by Plaintiff's counsel. On March 14, 2013, Plaintiff filed the instant Motion to Remand and alleges therein that Defendant cannot prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## DISCUSSION

The parties do not dispute that the complete diversity requirement is met in this case: Plaintiff is a citizen of North Carolina, and Defendant is a citizen of Georgia. The critical inquiry is therefore whether Plaintiff's claim exceeds $75,000.

Removal jurisdiction exists where the court would have original jurisdiction over the action.[2] It is well-established that the defendant, the party seeking removal, must present facts establishing its right to remove by a preponderance of the evidence.[3] "In shouldering this burden, a removing defendant 'is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about

---

[2] 28 U.S.C. § 1441(a).
[3] *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)

it.'"[4] Rather, the defendant may satisfy its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."[5] What the defendant may not do, however, is rely exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy.[6] If the jurisdictional amount is not "readily deducible" from the record, the district court lacks jurisdiction and must remand to state court.[7] To determine whether the case meets federal jurisdictional requirements, "courts may use their judicial experience and common sense."[8]

In this case, it is not facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000. Thus, the Court must determine whether Defendant provides sufficient evidence from which to conclude that removal was proper. The special damages already pleaded by Plaintiff total $13,095.08 for medical expenses, and the remainder of damages claimed are general damages for future medical expenses, pain and suffering, and litigation expenses and attorney's fees. To satisfy the amount in controversy then, Defendant must show by a preponderance of the

---

[4] *Lambeth v. Peterbilt Motors Co.*, No. 12-0169-WS-N, 2012 WL 1712692, at *2 (S.D. Ala. May 15, 2012) (quoting *Pretka*, 608 F.3d at 754).
[5] *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted).
[6] *Pretka*, 608 F.3d at 754.
[7] *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1210-11, 1219 (11th Cir. 2007)).
[8] *Roe*, 613 F.3d at 1062.

4

evidence that these general damages exceed $61,904.92. In support, Defendant presents Plaintiff's presuit demand letter for $150,000.

As an initial matter, a settlement offer does not determine whether the amount in controversy requirement has been satisfied, although it does "count[ ] for something."[9] On the one hand, a settlement offer may reflect posturing and puffery, and thus would be entitled to little weight.[10] On the other hand, "[m]ore weight should be given to a settlement demand if it is an 'honest assessment of damages.'"[11] "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggests the plaintiff is offering a reasonable assessment of the value of his claim."[12]

Here, after applying the Court's own judicial experience and common sense to Plaintiff's complaint and considering the evidence provided by Defendant, the Court

---

[9] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).
[10] *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279 1281 (S.D. Ala. 2009); *see Seckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-CV-4163-KOB, 2013 WL 360421, at *1 (N.D. Ala. Jan 29, 2013) (concluding plaintiff's statement, "I have no doubt I can win a 6 figure judgment on this," constituted puffing and posturing).
[11] *Cross v. Wal-Mart Stores, East, LP*, No. 7:11-cv-21 (HL), 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (quoting *Jackson v. Am. Gen. Fin. Srvs., Inc.*, 2006 WL 839092, at *2 n.2 (M.D. Ga. Mar. 27, 2006)).
[12] *Select Portfolio*, 651 F. Supp. 2d at 1281; *DeGeorge v. Geico Gen. Ins. Co.*, at *2 (2012) (concluding plaintiff's thorough, nine-page demand letter listing claimed past medical treatments, diagnoses, prognoses, and itemized expenses, was sufficient to establish amount in controversy); *Bernandi v. Mediacom S.E., LLC*, No. 11-00498-CG-N, 2011 WL 5077403, at *3 (S.D. Ala. Sept. 30, 2011) (detailed settlement letter by plaintiff describing costs incurred and anticipated allowed far more than speculation); *but see Cross*, 2011 WL 976414, at *2 (concluding that because settlement demand was prior to filing suit, settlement demand was more likely to be posturing); *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256-57 (N.D. Ga. 1996) (finding that a demand letter sent two weeks before plaintiff filed her case was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

finds that more likely than not the amount in controversy in the case exceeds $75,000. First, the Court concludes that Plaintiff's presuit demand was an honest assessment of her sustained damages. Although Plaintiff's request might appear inflated given that Plaintiff was demanding settlement prior to filing suit, Plaintiff nevertheless details specific facts regarding her claim and medical treatment, including an itemization of her medical expenses <u>to the penny</u>. The thorough and specific demand letter demonstrates that Plaintiff's counsel adequately researched and prepared Plaintiff's claim, and therefore made an honest assessment of her damages.

Importantly, Plaintiff's demand letter establishes the requisite jurisdictional amount with the required degree of certainty. In addition to her $13,095.08 of past medical expenses, Plaintiff also discloses, at several points, the possibility of two separate surgeries, neither of which are minor procedures.[13] While the Court recognizes that these surgeries have yet to occur, it is reasonable to conclude, at the very least, that the recommendations certainly substantiate her claim for pain and suffering. Further, the record evidence establishes that Plaintiff's pain is "severe" and that, despite her meticulous conservative treatment plan, she has not been afforded

---

[13] *See Armstrong v. SDI Inds., Inc.*, No. 91-5980, 1992 WL 175109, at *5 (E.D. Penn July 21, 1992) (cost of shoulder replacement surgery includes $4,000 surgical fees and between $7,970-$9,564 in hospitalization costs); *see also Tchiblakian v. State Farm Mut. Auto. Ins. Co.*, 97-2287 (La. App. 4 Cir. 4/8/98); 711 So. 2d 360, 363 (spinal surgery for herniated discs to cost $35,000.00); *Bradford v. Winn Dixie*, 94-0667 (La. App. 4 Cir. 12/28/94); 648 So. 2d 464, 471 (total award of $350,000 for injury, including future fusion spinal surgery costing between $30,000 and $35,000); *Lee v. Dillon*, No. 12-cv-1413, 2012 WL 3263882, at *2 (W.D. La. 2012) (concluding that common sense dictates that plaintiff's allegations of a severe back injury would require a seven day hospital stay and likely generate bills for tens of thousands of dollars).

any relief. Thus, it is reasonable to assume surgery may simply be the next step in Plaintiff's desire to treat her injuries conservatively. Accordingly, it may be reasonably assumed that the amount in controversy, which includes hospital and physician charges, and general damages, exceeds $75,000.[14]

## CONCLUSION

As set forth above, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Accordingly, Plaintiff's Motion to Remand [Doc. 8] is **DENIED**.

**SO ORDERED,** this 23rd day of April, 2013.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/ssh

---

[14] Because Plaintiff's presuit demand letter is sufficient to meet the amount in controversy requirement, the Court need not consider Plaintiff's request for attorney's fees or litigation costs in the underlying suit.