IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EVA FARLEY,                              :
                                        :
        Plaintiff,                      :
v.                                      :
                                        :        No. 5:13-CV-52 (CAR)
VARIETY WHOLESALERS, INC.               :
d/b/a MAXWAY STORES,                    :
                                        :
        Defendant.                      :
_____        :

## ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is Defendant Variety Wholesalers, Inc.'s Motion for Partial
Summary Judgment [Doc. 15] on Plaintiff's claim for litigation expenses.  Having fully
considered the Motion, the brief in support thereof, the evidence of record, and the
applicable law, the Court hereby **GRANTS** Defendant's Motion.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of
law."[1]  The moving party "always bears the initial responsibility of informing the
district court of the basis for its motion, and identifying those portions of the
pleadings, depositions, answers to interrogatories, and admissions on file, together
with the affidavits, if any, which it believes demonstrates the absence of a genuine

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

issue of material fact" and that entitles it to judgment as a matter of law.[2]  If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[3]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[4]  "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[5]  In cases where opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."[6]  A disputed fact will preclude summary judgment only "if the dispute might affect the outcome of the suit under the governing law."[7] "The court many not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists."[8]

---

[2] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).

[3] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.

[4] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

[5] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).

[6] *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380) (2007)).

[7] *Penley*, 605 F.3d at 848 (quotation marks and citation omitted).

[8] *Envtl. Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

If the nonmoving party does not respond to the motion for summary judgment, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion."[9]   In discharging its burden,

> The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials.  At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.[10]

Even when the motion is unopposed, the district court must ensure that evidence in the record supports the motion and may enter summary judgment only when no genuine issue of material fact remains.[11]

## BACKGROUND

This premises liability action arises out of injuries sustained by Plaintiff while shopping at Defendant's place of business.  The facts viewed in the light most favorable to Plaintiff, the nonmovant, are as follows.

On March 21, 2011, Plaintiff went shopping at Defendant's Maxway Store location in Eatonton, Georgia.[12]  As she was leaving the store, she stopped to peruse a

---

[9] *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.,* 363 F.3d 1099, 1101 (11th Cir. 2004).

[10] *Id*. at 1101-02 (internal citation omitted).

[11] *Id*. at 1101 (citing Fed. R. Civ. P. 56(e)).

[12] Compl. ¶ 6 [Doc. 1-3]; Farley Dep. 91:6-7 [Doc. 17].

display of flowers near the store's entrance.[13]   Stacked near the flower display were boxes on a wooden pallet.[14]   As Plaintiff began to walk back to her car, one of Defendant's employees clipped the wire strap securing the boxes, causing the boxes to fall.[15]   Some of the boxes struck Plaintiff as they fell, forcefully knocking her into the parking lot.[16]   Due to the fall, Plaintiff injured her lower back, left shoulder, and neck, and skinned her leg when she hit the concrete.[17]

On January 30, 2013, Plaintiff filed suit against Defendant in the Superior Court of Putnam County, alleging Defendant's employee negligently caused the boxes to fall on Plaintiff, and Defendant negligently failed to keep its premises safe in violation of O.C.G.A. § 51-3-1.[18]   In her Complaint, Plaintiff seeks compensation for past, present, and future pain and suffering, medical expenses, and litigation expenses pursuant to O.C.G.A. § 13-6-11.[19]   Defendant denied liability and asserted a defense based on Plaintiff's contributory negligence.[20]   On February 12, 2013, Defendant removed Plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Defendant now moves for partial summary judgment on Plaintiff's claim for litigation expenses.  Plaintiff did not respond to the Motion, and the time in which to do so has expired.  Therefore, the Motion is now ripe for review.

---

[13] Farley Dep. 64:12-19 [Doc. 17].
[14] *Id.* at 66:10-18.
[15] *Id.* at 65:1-14.
[16] *Id.* at 69:23-25.
[17] *Id.* at 34:19-36:1.
[18] Compl. ¶¶ 8-13 [Doc. 1-3].
[19] *Id.* at ¶¶ 16-19.
[20] Answer, pp. 1-2 [Doc. 1-4].

## DISCUSSION

Plaintiff seeks litigation expenses pursuant to O.C.G.A. § 13-6-11, which states

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

To recover litigation expenses under this statute, Plaintiff must demonstrate Defendant's conduct falls within one of the three categories above.  In its Motion, Defendant argues no record evidence shows Defendant acted in any of the three ways prescribed by this statute, and thus an award of litigation expenses under Georgia law would be improper.  The Court agrees.

Under the "bad faith" prong, Plaintiff must demonstrate that Defendant's conduct amounted to more than negligence or bad judgment.[21]  Bad faith within the meaning of this statute "imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will."[22]  In addition, Plaintiff must show Defendant acted with bad faith "in the transaction [giving rise] to the litigation" to support her claim for

---

[21] *Powell Co. v. McGarey Grp., LLC*, 508 F. Supp. 2d 1202, 1219 (N.D. Ga. 2007); *see also Metro. Atlanta Rapid Transit Auth. v. Mitchell*, 289 Ga. App. 1, 4 (2007) ("[M]ere negligence will not support an award of attorney fees based on bad faith.") (quotation marks and citation omitted).
[22] *Rapid Grp., Inc. v. Yellow Cab of Columbus, Inc.*, 253 Ga. App. 43, 49 (2001) (quotation marks and citation omitted).

litigation expenses.[23]   Bad faith does not encompass Defendant's conduct during the litigation itself.[24]

Viewing the facts in the light most favorable to Plaintiff, at most, Defendant and its employee acted negligently in failing to keep the premises safe and clipping the wire strap securing the boxes.   No evidence in the record suggests that Defendant or its employee acted with a dishonest purpose or was otherwise motivated by ill will to cause harm to Plaintiff.   Because bad faith requires more than mere negligence, Plaintiff is not entitled to litigation expenses on this ground.

In addition, Plaintiff fails to establish that Defendant has been stubbornly litigious or has caused Plaintiff unnecessary trouble and expense.   To recover litigation expenses under these prongs, Plaintiff must show "there exists no bona fide controversy or dispute regarding liability for the underlying cause of action."[25]   Here, genuine issues of material fact remain as to liability, causation, and damages.   Specifically, an issue remains as to whether Plaintiff failed to take precautions for her own safety, and, by extension, whether she is partially responsible for her own injuries.   Moreover, given her previous medical history, a dispute exists as to whether, or to what extent, the fall caused the injuries in question.   Because bona fide controversies exist, Plaintiff has failed to show Defendant has been stubbornly litigious or has caused Plaintiff

---

[23] *David G. Brown, P.E., Inc. v. Kent*, 274 Ga. 849, 850 (2002).
[24] *Id*.
[25] *Kent*, 274 Ga. at 850.

unnecessary trouble and expense.  Thus, as a matter of law, Plaintiff cannot recover litigation expenses under O.C.G.A. § 13-6-11 in this case.

Based on the foregoing, Defendant's Motion for Partial Summary Judgment [Doc. 15] on Plaintiff's claim for litigation expenses is **GRANTED**.

**SO ORDERED,** this 5th day of May, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh